UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JEFFERY JOHNSTON                                               PLAINTIFF

V.                              NO. 3:18-CV-114-BD

SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## ORDER

**I.   Introduction:**

On March 18, 2016, Jeffery Johnston applied for disability benefits, alleging disability beginning on January 15, 2015. (Tr. at 41) Mr. Johnston's claims were denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Johnston's application. (Tr. at 51) Mr. Johnston requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 2) Therefore, the ALJ's decision stands as the final decision of the Commissioner. Mr. Johnston filed this case seeking judicial review of the decision denying benefits.[1]

**II.   The Commissioner's Decision:**

The ALJ found that Mr. Johnston had not engaged in substantial gainful activity since the alleged onset date of January 15, 2015. (Tr. at 43) At step two of the five-step analysis, the ALJ found that Mr. Johnston had the following severe impairments:

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

1

residuals from hernia repair, degenerative disc disease of the cervical spine, scoliosis of the lumbar spine, Raynaud's syndrome, anxiety disorder with panic attacks, and bilateral foot impairments (heel spurs, callouses, and plantar fasciitis). *Id.*

After finding that Mr. Johnston's impairments did not meet or equal a listed impairment (Tr. at 44), the ALJ determined that Mr. Johnston had the residual functional capacity ("RFC") to perform the full range of work at the sedentary exertional level, with some restrictions. (Tr. at 45) He could only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, or crawl. *Id.* He could only occasionally push and/or pull with the upper and lower extremities. *Id.* He must avoid the use of foot pedals. *Id.* He must avoid exposure to extreme cold temperatures. *Id.* He could frequently handle and finger. *Id.* And he would be limited to the performance of unskilled work. *Id.*

The ALJ found that Mr. Johnston was unable to perform any of his past relevant work. (Tr. at 49) Relying on the testimony of a Vocational Expert ("VE"), the ALJ found, based on age, education, work experience and RFC, that Mr. Johnston could perform work in the national economy as an inspector and machine tender. (Tr. at 50) The ALJ determined, therefore, that Mr. Johnston was not disabled. *Id.*

### III. **Discussion:**

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

"Substantial evidence" in this context means "enough that a reasonable mind would find . . . adequate to support he ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009)(citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also, evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

    B.   Mr. Johnston's Arguments on Appeal

In this appeal, Mr. Johnston maintains that the ALJ's decision to deny benefits is not supported by substantial evidence. He argues that the ALJ should have further developed the record and that the assigned RFC did not fully incorporate all of his limitations. Within those arguments he avers that the ALJ should have given more weight to the opinion of Dr. Roger Cagle, his primary care physician ("PCP").

Mr. Johnston suffered from intermittent back pain, and x-rays and CT scans showed degenerative disc disease, which the ALJ found to be a severe impairment. (Tr. at 343-347) In November 2015, Mr. Johnston had normal range of motion in his back. (Tr. at 381). At a doctor's visit in December 2015, he did not report any problems and had no muscle aches, no muscle spasms, no joint swelling, and no joint deformation. (Tr. at 390) He had full range of motion in his back and extremities. (Tr. at 391) Normal examination findings do not support claims of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th

Cir. 2001). Furthermore, In February 2016, Mr. Johnston reported that medication helped with back pain. (Tr. at 392) Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). In January 2017, Mr. Johnston demonstrated a normal range of motion in his spine and normal heel to toe walk. (Tr. at 410) He said that he had returned to work as a plumber. (Tr. at 406) In April 2017, he again said that medication helped. (Tr. at 428)

Mr. Johnston had bilateral hernias in November 2015; and he underwent hernia repair at that time. (Tr. at 357-368) A few weeks later he reported that he was doing well. (Tr. at 379)

Mr. Johnston complained of anxiety and panic attacks, but he never sought formal treatment with a mental health professional. The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). Mr. Johnston's PCP, Dr. Cagle, prescribed medication for his anxiety, which reportedly reduced his symptoms. (Tr. at 409, 425) By February 2017, he was "much better with nerves," and medication helped him feel comfortable and functional. (Tr. at 406) He admitted at the hearing that Xanax worked to manage panic attacks. (Tr. at 91)

Dr. Cagle filled out a medical source statement in the form of a check-box opinion. (Tr. at 434-437) Mr. Johnston argues that the ALJ did not properly incorporate into the RFC the moderate limitations Dr. Cagle suggested in the areas of persistence and

4

managing pace. First, a conclusory check-box form, such as the one Dr. Cagle completed, has little evidentiary value when there is no accompanying citation to medical evidence and little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Second, the ALJ bears the primary responsibility for assessing a claimant's RFC—that is, what the claimant can still do in spite of severe impairments. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010). The ALJ must evaluate the record as a whole, including medical records, doctors' opinions, and lay testimony.

In this case, Mr. Johnston did not submit any records indicating severe limitations in persistence and pace. He sought no specialized psychiatric treatment. He was able to perform daily activities such as preparing meals, doing household chores, attending to his personal care, and going to church. (Tr. 241-244) His ability to perform these activities undermines his argument that he could not maintain persistence or pace in a work environment. *See Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Furthermore, the ALJ limited Mr. Johnston to unskilled work. Unskilled work is not complex. *See* 20 C.F.R. §§ 404.1568(a), 416.968(b) SSR 83-10 (unskilled work needs little or no judgment to do simple duties that can be learned on the job in a short period of time). Finally, in his function report, Mr. Johnston did not indicate problems with memory, completing tasks, or understanding directions. (Tr. at 49) The ALJ properly gave little weight to Dr. Cagle's opinion, which was not supported by the balance of the

5

medical record.[2]

Mr. Johnston's claim that the ALJ failed to develop the record is contradicted by the fact that his attorney told the ALJ at the hearing that the record was complete. (Tr. at 74) He made no request for further development of the record at that time. (Tr. at 104) An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving his disability; the ALJ is not required to act as counsel for claimants. *Id*.

An ALJ is required to recontact a treating or consulting physician or to order further testing only if the medical records do not provide sufficient evidence to make an informed decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011) The record here reveals sporadic treatment, generally mild findings, and improvement with treatment. No doctor placed functional restrictions, and Mr. Johnston performed a variety of daily activities. There was no medical issue that the ALJ inadequately developed.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC fully incorporated all of Mr. Johnston's limitations, and the weight the

---

[2] The ALJ considered the opinions of the reviewing medical experts and found that, based on the medical evidence, Mr. Johnston was more limited than they suggested. (Tr. at 49, 112-114, 125)

ALJ gave to Dr. Cagle's opinion was appropriate. The ALJ based his decision on a fully developed record, and substantial evidence supports the decision. The finding that Mr. Johnston was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, AFFIRMED. The case is dismissed, with prejudice.

IT IS SO ORDERED this 9th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE